## BERKS COUNTY TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5497.

Circuit Court of Appeals, Third Circuit.
June 19, 1935.

Walter E. Barton, of Washington, D. C., for petitioners.

A. F. Prescott, Sp. Asst. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The crucial question in this income tax case is whether the decedent, of whom the appellant is executor, was a ·dealer in securities, and, as such, entitled to a reduction in his income. The Commissioner held he was not, and the Board of Tax Appeals sustained the Commissioner. Thereupon, the executors took this appeal.

From the proofs it appears' that on September· 28, 1928, the decedent, William A. Sharp, and one Robert B. Meyer entered into a contract for the organization

of a corporation which was to build a hotel on a property of the decedent, which he agreed to sell to the corporation for $435,000. It was to have a capitalization of 2,000 shares of 6 per cent. preferred stock of the par value of $100, and 2,000 shares of no par value. The decedent subscribed for 1,000 shares of the preferred stock and Meyer for an equal amount. The hotel was to cost approximately $1,-900,000, and it was agreed that a first mortgage of $900,000 and a second mortgage of $800,000 should be placed thereon. This was done. The decedent and Meyer each bought $200,000 of the second mortgage bonds; the decedent buying his as an investment. This lot of bonds is not here involved. In their contract Meyer and the decedent agreed to sell or cause to be sold, or, if they could not sell, they agreed to buy, the balance of the second mortgage bonds amounting to $400,000. The decedent was unable to sell all of the $400,000 second mortgage bonds as soon as he agreed to do so and, pursuant to the contract, bought the unsold portion of said bonds, a part of them in 1929 and the balance in 1930. These bonds were bought by him solely for the purpose of sale, and not as an investment. During the year 1930, the decedent maintained an office for the purpose of selling said second mortgage bonds, and during that year he devoted at least 90 per cent. of his own time in that effort. Prior thereto he had been engaged in another business, which he gave up for the purpose of disposing of the bonds. He employed a salesman, whom he paid personally, and who devoted all of his time to the sale of the bonds. The decedent sold $45,000 of the bonds during 1930. In his return for that year he deducted $40,650 as an alleged difference between the market value of said bonds as of January 1, 1930, and the market value thereof on December 31, 1930, on the theory that he was a dealer in securities within the meaning of article 105 of Regulation 74 and section 22(c) of the Revenue Act of 1928, 26 USCA § 2022 (c). This regulation provides: "A dealer in securities is a merchant of securities * * * with an established place of business regularly engaged in the purchase of securities and their resale to customers." In support of its view, the Board held: "That one who undertakes as the agency of a project to exploit the securities of that project and nothing else, who does not buy and sell securities, qua securities,

but who undertakes only to sell the securities of a particular project, of one company, is not within the language of the regulations and was not within the intention of the statute."

Without discussing the matter in detail, we find ourselves of opinion that in view of the facts of this particular case, the Board committed no error in holding the decedent was not a dealer in securities as contemplated by the regulation. The decision of the Board is affirmed.